Cifren, J.
This was a suit on an account, the plaintiff claiming a balance due of $300. The defendants pleaded a counterclaim in the sum of $290.57, and offered to confess judgment for the difference, to-wit, $9.43. The jury returned a verdict for plaintiff for $26.03. Judgment being rendered thereon, plaintiff prosecutes error.
The plaintiff operated a planing mill in Dayton, Ohio,and defendants were contractors doing business in Cincinnati, Ohio. One of the items included in the claim of defendants is the sum of $174.02 for freight paid by defendants for certain material shipped by plaintiff for defendants to Wabash, Indiana. The proposition to furnish the material was in writing, and as follows:
“Dayton, O., May 29, 1895.
“Messrs. L.P. Hazen & Co.,
“Cincinnati,O.
“Sirs — >We will furnish the mill work as per plans forth* Big Four shops for $2,250.
“Yours,
“Mathias Planing Mill Co.,
“Per E. P. M.”
It does not appear how or where the proposition, was accepted.
The contract being silent as to who was to pay the freight, the court received, over the objection of plaintiff, evidence of usage among mill owners in Cincinnati, Ohio, that the seller and not the purchaser paid the freight. It is claimed that this was error, for the reason that evidence of usage can not be received to vary a contract or change the general rule of law that, in the-absence of any express agreement in relation to the place of delivery, the vendor is not required to carry the goods to the vendee.
In Hatch v Oil Co., 100 U. S., 134, it is.Baid by Clifford J., at page 134: “In a contract of sale, if no place of delivery is specified in the contract, the articles sold must, in general, be delivered at the place where they are at the time of the sale, unless some other place is required by the nature *289 of the article or by the usage of the trade or the previous course of dealing between the parties, or is to be inferred from the circumstances of the case.”
In Howe v. Hardy, 106 Mass., 329, it appeared that the plaintiffs were manufacturers of window frames in Lowell, and the defendant a dealer in them in Boston. The suit being for the price of window frames sold and delivered,the defendant, against the plaintiffs’ objection, was allowed to offer evidence of a general usage at Lowell, where the frames were made and sold, among manufacturers and dealers, for the manufacturers to pay the freight. The court held that, ‘-‘The usage as to the payment of freight was competent, for it related to what the vendor was to do in respect to the delivery of the goods in the absence of an express stipulation.”
In the latter case the plaintiffs were presumed to have knowledge of the usage of the trade in Lowell, the place where the frames were made and sold,and hence were bound by it; but in the case at bar the goods were manufactured and offered for sale at Dayton, Ohio, from which place they were consigned to defendants at Wabash. It is true that the plaintiff had an agent in Cincinnati, and that one of its officers made weekly trips to that city for the purpose of selling goods; but we think that this alone was insufficient to charge the plaintiff with knowledge of a usage of the trade prevailing only in Cincinnati.
It is urged also that the court erred in receiving as evidence certain memoranda on the stubs of the note book of defendants. Plaintiff had offered testimony tending to prove that the goods shipped to Wabash had been fully settled for by the execution and delivery by defendants to plaintiff of two promissory notes on November 27, 1895, and that the claim for freight paid was not presented until the following summer. To rebut this testimony the defendants read to the jury the memoranda from the stubs of their note book to the effect that thé notes were given on account, and not in full settlement thereof. Such stubs were not competent as a book account or otherwise to prove the purpose or effect of the notes given. Watts v. Shewell, 31 Ohio St., 331.
Judge Swing concurs in the judgment of reversal, but places it on the ground that the defendants failed to rebut *290 the testimony of Mr. Mathias that a verbal agreement saw made to deliver the material for the Big Four shops free on board cars at Da) ton, Ohio.
Kelley & Hauck, for Plaintiff in Etror.
R. de V. Carroll, contra.
Judgmeut reversed and cause remanded.